**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francesco Joseph Buccieri, | No. CR-20-01433-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Francesco Buccieri's Application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 21). Defendant SSA filed an Answering Brief (Doc. 22), and Plaintiff filed a Reply (Doc. 25). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 20), and it affirms the Administrative Law Judge's ("ALJ") decision (AR at 16-26) for the reasons addressed herein.

**I.   Background**

Plaintiff filed an Application for SSDI benefits on November 9, 2016, and SSI benefits on November 17, 2016, alleging a disability beginning on May 17, 2016. (AR 16). Plaintiff's claim was initially denied on March 14, 2017, and upon reconsideration on August 10, 2017. (*Id.*) A hearing was held before ALJ Paula Fow Atchison on August 15, 2019. (AR 32-65). Plaintiff was 64 years old at the time of the hearing and held previous

employment as a furniture salesperson, furniture store manager, and interior designer. (*Id.*) Prior to the hearing, Plaintiff requested an amended alleged onset of disability date to September 13, 2018, which was granted. (*Id.* at 253). Plaintiff's Application was denied by the ALJ on September 26, 2019. (*Id.* at 25). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the following severe impairments: fibromyalgia, cervical radiculopathy, and lumbar radiculopathy. (AR 19). While the ALJ noted that Plaintiff's severe impairments limited his ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, including the jobs he previously performed, and thus was not disabled. (*Id.* at 24).

Plaintiff argues that the ALJ erred in failing to give specific and legitimate reasons for rejecting the opinion of his treating physician, Dr. Brandon Woods, M.D., and in improperly discounting his subjective symptom testimony. (Doc. 21). The Commissioner argues that the ALJ's opinion is free of harmful error and must be affirmed. (Doc. 22). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.   Legal Standards**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the

decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.   Analysis**

Plaintiff argues the ALJ erred in failing to give specific and legitimate reasons for rejecting the opinion of his treating physician, Dr. Woods, and in improperly discounting his subjective symptom testimony. (Doc. 21). Plaintiff contends his case should be remanded for computation and award of benefits. *Id.*

**A.   The ALJ did not err in evaluating the opinion of Dr. Woods.**

Plaintiff argues that the ALJ did not give specific or legitimate reasons for rejecting the opinion of Dr. Woods. (Doc. 21 at 8). The Commissioner argues that the ALJ properly considered the medical evidence of record to conclude that the opinions of the state agency consultants were the most consistent with the medical record. (Doc. 22 at 4).

When evaluating medical opinion evidence in cases filed prior to March 27, 2017,

"[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Although greater weight is generally afforded to treating physicians, a "treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 & n. 7 (9th Cir. 1989). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Moreover, "an ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751.

Dr. Brandon Woods, M.D., opined that Plaintiff's fibromyalgia rendered him unable to perform even low stress jobs. Dr. Woods stated that Plaintiff could sit, stand, and walk for less than two hours at a time, and that, based on these limitations, Plaintiff would not be able to perform any work. (AR 475-79). The ALJ found these opinions to be inconsistent with the medical evidence of record, including Dr. Woods's own treatment notes. (*Id*. at 23-23). Specifically, the ALJ noted that Dr. Woods's opinion was unsupported and inconsistent with the minimal treatment records after Plaintiff's alleged onset of disability date. *Id.* Dr. Woods, along with a second physician, had noted that Plaintiff was not in acute distress, and that Plaintiff's medical examinations were

unremarkable. (*Id.* at 489, 515). Moreover, Dr. Woods's April 2019 treatment note states that Plaintiff reported no muscle or joint pain and no weakness. (AR 512-13). In April 2019, Dr. Woods rated Plaintiff's bilateral upper and lower extremity strength as 5/5. (*Id.*) The ALJ also discussed Dr. Woods's treatment note stating that Plaintiff's pain was improving with medication, including some improvement with ibuprofen. (*Id.* at 24-25; 515).

In giving less weight to the opinion of Dr. Woods, the ALJ gave greater weight to the opinions of consulting physicians Melvin Roberts, MD, and Dennis Swena, MD. (*Id.* at 23-24). These physicians opined that Plaintiff could perform a range of light work and the ALJ found these opinions to be consistent with the medical evidence. *Id.* Based on these opinions, the ALJ found that Plaintiff could perform his past relevant work as a furniture sales manager or interior designer, and therefore, was not disabled. (*Id.*)

The Court finds that the ALJ properly identified the conflicts in the medical record in deciding to give greater weight to the opinions of agency examining physicians Drs. Roberts and Swena. While Plaintiff correctly points out that the ALJ cited very few records to support her decision, very few medical records exist after the alleged onset date. The ALJ cited to the inconsistent records that do exist for this time period. This formed a proper basis to give less weight to Dr. Woods's opinion. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). And, as the ALJ "is the final arbiter with respect to resolving ambiguities in the medical evidence," the Court will not disturb her finding. *See Tommasetti*, 533 F.3d at 1041-42. The ALJ did not err here.

**B.     The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.**

Plaintiff next argues that the ALJ did not give legitimate and convincing reasons supported by substantial evidence for discounting his subjective symptom testimony. (Doc. 18 at 6). The Commissioner argues that the ALJ properly examined the medical evidence to determine that the record did not support Plaintiff's testimony as to the severity of his symptoms. (Doc. 19 at 17).

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains her decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence, including his own statements. (AR 21-24).

The ALJ first noted that there was limited evidence of any medical impairment after the amended alleged onset date of September 13, 2018. (*Id.* at 22). While Plaintiff argues that the ALJ's opinion criticizes him for amending his onset date, the ALJ is simply stating that, as a result of the amended date, there are hardly any medical records from after Plaintiff's alleged onset date to support Plaintiff's symptom testimony. However, the ALJ found that the limited records that do exist are inconsistent with Plaintiff's allegations of debilitating symptoms. The ALJ cited to Dr. Woods's treatment notes from 2019, which noted unremarkable exam findings. (*Id.* at 23). These notes also described normal motor findings and normal strength bilaterally in both upper and lower extremities. (*Id.* at 510, 512, 515). The ALJ properly concluded that the examinations in the medical record did not support Plaintiff's claims of disabling limitations, and therefore, properly found that his subjective symptom testimony was not persuasive. The Court finds that the ALJ

provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony. *See Brown-Hunter*, 806 F.3d at 488–89.

### IV.   Conclusion

The Court finds that substantial evidence supports the ALJ's nondisability determination. The ALJ properly considered the medical evidence of record and properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence. Therefore, the Court finds that the ALJ did not err in her decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 27th day of September, 2021.

Douglas L. Rayes
United States District Judge